# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **ERIC HASSEL,** | : |
| | : |
| **Plaintiff** | : |
| | : Civil Action No. 3:06-cv-62 |
| VS. | : |
| | : |
| **ST. MARY'S HOSPITAL,** | : |
| | : |
| **Defendant** | : |

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
## *IN FORMA PAUPERIS*

Plaintiff has brought this action against St. Mary's Hospital, claiming that a security guard employed by the hospital attacked him without provocation, beat him, and used a racial slur while attacking him. Along with his complaint, Plaintiff filed a Motion to Proceed *in forma pauperis*. [Doc. 1]. Though it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is **DENIED** because the Court lacks subject matter jurisdiction over Plaintiff's claims.

### *DISCUSSION*

Federal Court s a re of limited jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999). "They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress.'" Id. (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Because a federal court's power to hear a case depends upon congressional implementation of one of the Constitution's grants of subject matter

jurisdiction, it is imperative that the applicable statutory requirements bearing on a court's subject matter jurisdiction be satisfied before the court proceeds to adjudicate the controversy. 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1063 (3d ed. 2006). Put differently, a federal court is powerless to act without subject matter jurisdiction, and therefore must inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005). In fact, a federal court is "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id.

Plaintiff's complaint alleges that he was assaulted by a security guard after being seen by the emergency room staff at St. Mary's Hospital. The complaint further states that the security guard "held [Plaintiff] down on the ground until his supervisor instructed him to release [Plaintiff]," and "used a racial slur while attacking [him], calling [him] a 'boy,' [even though he is] a 45 year-old man." Construed broadly, as the Eleventh Circuit has instructed courts to do when *pro se* litigants are involved, Plaintiff's complaint appears to assert a claim for assault and battery arising under Georgia law.

Claims arising under state law may only be heard by a federal court if there is diversity of citizenship between the parties or if the claim is "derived from a common nucleus of operative facts" shared with a federal claim. As neither is present in this case, the Court lacks subject matter jurisdiction to entertain Plaintiff's claims, which arise under state-law. Because the Court lacks subject matter jurisdiction, Plaintiff's complaint must be **DISMISSED**.

**SO ORDERED**. This 18th day of August, 2006.

                                        <u>S/ C. Ashley Royal</u>
                                        C. ASHLEY ROYAL
                                        UNITED STATES DISTRICT JUDGE

AEG